PEOPLE v SHEDRICK

Docket No. 77-3377. Submitted June 21, 1978, at Detroit.—Decided
   July 20, 1978.

   Nero Shedrick was convicted of second-degree murder in Record-
   er's Court of the City of Detroit, Henry Heading, J. Defendant
   appeals. *Held:*

      Court instructions which deprive a jury of its right to render
   a general verdict of not guilty are erroneous.

      Reversed.

1. CRIMINAL LAW—PLEA OF NOT GUILTY—ELEMENTS OF CRIME—JURY
   TRIAL—CONSTITUTIONAL LAW.

   Once a plea of not guilty is entered, the defendant has an
      absolute right to a jury determination upon all essential ele-
      ments of the offense, neither depleted nor diminished by what
      otherwise might be considered the conclusive or compelling
      nature of the evidence against him; under no circumstances
      may the trial court usurp this right by ruling as a matter of
      law on an essential element of the crime charged.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—JURY FUNCTIONS—GEN-
   ERAL VERDICT—NOT GUILTY VERDICT—ERROR.

   Court instructions which deprive a jury of its right to render a
      general verdict of not guilty are erroneous.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Timothy A. Baughman,*
Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 7–11, 47–50.
[2] 75 Am Jur 2d, Trial §§ 579, 590, 623.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549. He was sentenced to life imprisonment and appeals as of right.

The trial court instructed the jury on second-degree murder and manslaughter, stating in part:

"Now, again, if you find from the testimony and the acts and the law that he was so provoked by the acts and the law that he was so provoked by the actions of somebody else, or the circumstances as he saw them he could not control himself, and that there was sufficient —or that there is sufficient provocation to remove this from second degree murder, then you may convict him of manslaughter because that's what it would be, if you decide that. That there was great and severe provocation here.

\* \* \*

"Now what do I mean by that? I have told you what the elements of each offense is, manslaughter and murder in the second degree. If the prosecution does not prove one of those elements the defendant is not guilty, because the prosecution must prove each and every element of the offense charged."

After a side bar conference with the assistant prosecutor and defense counsel, the trial judge continued:

"THE COURT: Now, members of the jury, you may find the defendant guilty as charged, that is of second degree murder;

"Or you may find the defendant not guilty of second degree murder;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Or you may find the defendant guilty of manslaughter.

"And as I have aforesaid, *if you find that the defendant did not kill Linda Holt you may find him not guilty.*

* * *

"THE COURT: All right, any objections to the Court's charge?

"MR. HENRY [Defense Counsel]: No, Your Honor.

"THE COURT: All Right.

"MR. MARZEC [Prosecuting Attorney]: The People are satisfied." [Emphasis supplied.]

The defendant pled not guilty. However, the trial court did not give the jury the option of finding defendant not guilty unless they found that someone else committed the crime.

At trial, defendant testified that he had no recollection of stabbing the deceased; that on the fatal day, he had drunk quantities of wine, had smoked reefers and had taken medicine to relax the muscles and for blood pressure. Defendant remembered nothing of what happened after deceased cut him on the arm and ran out of her house.

There was ample evidence that defendant had stabbed the deceased and caused her death. Defendant did not contest the fact that he had stabbed the deceased: his defense was that he had consumed alcohol and intoxicating drugs to the point that he could not have formed the intent to kill the deceased.

The court agreed with defense counsel that the court was obliged under the law to instruct the jury on the lesser included offense of manslaughter.

But the court expressed himself as opposed to its instructing the jury that they could find the defendant not guilty:

"THE COURT: Well, I can tell you right now the way I am feeling right now I am not going to instruct that jury that they could find this man not guilty. Let an appellate court reverse me, I don't care.

*　*　*

"THE COURT: Well, suppose I instructed them and they come out and say that he's not guilty, then what?

"MR. MARZEC: And I understand—

"THE COURT: Do you want to live with that?

"MR. MARZEC: No, sir.

"THE COURT: Well, you go ahead and live with it, I'm not. As I see the law right now I'm going to instruct on manslaughter and second degree, I'm not going to instruct on a not guilty. And I will stand behind that.

"MR. MARZEC: All right.

"THE COURT: I'm not going to sit up here and just see everything happen. And as I have said, I have been reversed before and I am going to be reversed again, but I am going to be reversed standing up like a man. I'm not just going to let anything happen in this courtroom.

*　*　*

"THE COURT: Well, you put on the record that you think I should instruct on not guilty. Well, I can tell you right now, the way I am feeling, unless you can convince me, I'm not going to give an instruction on that.

"MR. MARZEC: I was worried—

"THE COURT: What are you worried about?

"MR. MARZEC: About a possible reversal.

"THE COURT: Well, let them reverse.

"MR. MARZEC: Okay.

"THE COURT: They will be reversing me, not you. And I can take it. All right. Now is there anything else?"

It is clear that the trial court took from the jury the option of returning a verdict of not guilty, in

direct contravention of existing Supreme Court precedent.[1] In *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), the Supreme Court held:

"Once a plea of not guilty is entered, the defendant 'has an absolute right to a jury determination upon all essential elements of the offense. This right, emanating from the criminal defendant's constitutional right to a trial by jury, is neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him. * * * [F]urthermore, in a situation wherein an understandingly tendered waiver is not forthcoming from the defendant, under no circumstances may the trial court usurp this right by ruling as a matter of law on an essential element of the crime charged.' *United States v England,* 347 F2d 425, 430 (CA 7, 1965). (Footnote omitted.)

"The trial judge must carefully ensure that there is no trespass on this fundamental right.

"The instruction to the jury must include all elements of the crime charged, *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967); *People v Pepper,* 389 Mich 317, 322; 206 NW2d 439 (1973), and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them. 22 Michigan Law & Practice, Trial, § 236, p 386." 393 Mich at 349–350.

Due to the disposition of the previous issue, it is unnecessary to address the other alleged error.

Reversed and new trial ordered.

---

[1] We are aware that defense counsel is an experienced criminal attorney and did not object to the trial court's instruction. We must also commend the prosecutor for acting as an advocate for justice instead of in a more partisan role. Nevertheless, to do other than reverse defendant's conviction would result in depriving the jury of its right to render a general verdict of not guilty.